**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:24-cv-00120-KDB**

| | |
|---|---|
| CEDRIC CALDWELL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU CARROLL, )<br>)<br>Defendant. )<br>_____) | **ORDER** |

      **THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e). [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I.**      **BACKGROUND**

      Pro se Plaintiff Cedric Caldwell ("Plaintiff") is a prisoner of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. He filed this action on May 8, 2024, pursuant to 42 U.S.C. § 1983 against Defendant FNU Carroll addressing incidents that allegedly occurred at Alexander on February 18, 2024. [Doc. 1]. In short, Plaintiff alleges that Defendant Carroll retaliated against him for filing a grievance, subjecting Plaintiff to a strip search, sexually harassing the Plaintiff through profanity and sexual remarks, and ordering Officers Lay and Adkins to "mess with" Plaintiff in a sexual way. [Id. at 4-5].

      For injuries, Plaintiff claims that his "private area was sore" and that he suffered "emotional distress, head druma [*sic*], chronical depression," and fright and "dizziness blank out" every time he sees the involved staff. [Id. at 5]. Plaintiff seeks monetary and injunctive relief, including

changes to North Carolina prison policy allowing additional privileges to inmates in restrictive housing. [Id.].

Plaintiff alleges that he has not filed any other lawsuits involving these same facts. [Id. at 8]. Before the Plaintiff filed the instant action, however, he filed a strikingly similar § 1983 action in this Court that centers on the same allegations and in which he named Defendant Carroll and Officers Lay and Adkins as Defendants. [See Civil Case No. 5:24-cv-96-MR-SCR, Doc. 1]. Just days before Plaintiff filed the instant Complaint, Plaintiff's Complaint in that action passed initial review in accordance with the Court's Order. [Id., Doc. 8].

## II.    STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.   DISCUSSION

This action is so overlapping and duplicative of Case No. 5:24-cv-96-MR-SCR that the Court cannot allow the two actions to proceed simultaneously. Because the Plaintiff filed the proceedings in the other case first, the Court will dismiss the instant action without prejudice.

### IV.   CONCLUSION

In sum, this action is duplicative of Case No. 5:24-cv-96-MR-SCR and, as such, the Court will exercise its inherent authority to dismiss this action without prejudice.

<u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is respectfully instructed to terminate this case.

**IT IS SO ORDERED.**

Signed: June 13, 2024

Kenneth D. Bell
United States District Judge